David M. Reaves, Trustee

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
### DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| CHAUVIN, AUGUSTE A | § | Case No. 2:13-bk-01342-DPC |
| CHAUVIN, DOLLIE J | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter      of the United States Bankruptcy Code was filed on                  .  The undersigned trustee was appointed on                  .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                          $

    Funds were disbursed in the following amounts:

    Payments made under an interim
    disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]                          $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was                and the deadline for filing governmental claims was               . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $        . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $       as interim compensation and now requests a sum of $        , for a total compensation of $         [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $       , and now requests reimbursement for expenses of $        , for total expenses of $        [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____     By:/s/DAVID M. REAVES_____
                                                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

Case No: 13-01342 DPC Judge: DANIEL P. COLLINS

Case Name: CHAUVIN, AUGUSTE A
CHAUVIN, DOLLIE J

For Period Ending: 08/12/13

Trustee Name: DAVID M. REAVES

Date Filed (f) or Converted (c): 01/30/13 (f)

341(a) Meeting Date: 03/04/13

Claims Bar Date: 07/19/13

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. SINGLE FAMILY RESIDENCE: 3517 W NORTHVIEW, PHOENIX | 135,000.00 | 0.00 | | 0.00 | FA |
| 2. ARIZONA CENTRAL FEDERAL UNION CHECKING ACCOUNT ARIZONA CENTRAL FEDERAL UNION CHECKING ACCOUNT | 300.00 | 0.00 | | 0.00 | FA |
| 3. ARIZONA CENTRAL FEDERAL UNION SAVINGS ACCOUNT ARIZONA CENTRAL FEDERAL UNION SAVINGS ACCOUNT | 25.00 | 25.00 | | 0.00 | FA |
| 4. HOUSEHOLD GOODS, FURNISHINGS, APPLIANCES, ELECTRON HOUSEHOLD GOODS, FURNISHINGS, APPLIANCES, ELECTRONICS AND HOME COMPUTERS. | 2,675.00 | 0.00 | | 0.00 | FA |
| 5. BOOKS, PICTURES, CD'S, DVD'S, COLLECTIBLES AND OTH BOOKS, PICTURES, CD'S, DVD'S, COLLECTIBLES AND OTHER ART. | 500.00 | 0.00 | | 0.00 | FA |
| 6. CLOTHING CLOTHING | 750.00 | 0.00 | | 0.00 | FA |
| 7. WEDDING RINGS WEDDING RINGS | 165.00 | 0.00 | | 0.00 | FA |
| 8. 1 WATCH 1 WATCH | 25.00 | 0.00 | | 0.00 | FA |
| 9. MISCELLANEOUS COSTUME JEWELRY MISCELLANEOUS COSTUME JEWELRY | 250.00 | 250.00 | | 0.00 | FA |
| 10. WHOLE LIFE INSURANCE POLICY - MUTUAL OF OMAHA CASH WHOLE LIFE INSURANCE POLICY - MUTUAL OF OMAHA CASH SURRENDER VALUE | 5,143.00 | 0.00 | | 0.00 | FA |
| 11. WHOLE LIFE INSURANCE POLICY - MUTUAL OF OMAHA CASH WHOLE LIFE INSURANCE POLICY - MUTUAL OF OMAHA CASH SURRENDER VALUE | 11,777.00 | 0.00 | | 0.00 | FA |
| 12. IRA - MUTUAL OF AMERICA | 22,840.00 | 0.00 | | 0.00 | FA |

Case No:  13-01342  DPC  Judge: DANIEL P. COLLINS

Case Name:  CHAUVIN, AUGUSTE A
  CHAUVIN, DOLLIE J

Trustee Name:  DAVID M. REAVES
Date Filed (f) or Converted (c):  01/30/13 (f)
341(a) Meeting Date:  03/04/13
Claims Bar Date:  07/19/13

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| IRA - MUTUAL OF AMERICA | | | | | |
| 13. STATE OF ARIZONA DEFERRED COMPENSATION PLAN - 457 | 1,602.00 | 0.00 | | 0.00 | FA |
| STATE OF ARIZONA DEFERRED COMPENSATION PLAN - 457 PLAN | | | | | |
| 14. IRA | 11,777.00 | 0.00 | | 0.00 | FA |
| IRA | | | | | |
| 15. 1999 CHEVROLET MALIBU 98,946 MILES POOR CONDITION | 2,000.00 | 0.00 | | 0.00 | FA |
| 1999 CHEVROLET MALIBU 98,946 MILES POOR CONDITION | | | | | |
| 16. 2006 CHEVROLET HHR 86,131 MILES FAIR CONDITION | 5,444.00 | 444.00 | | 0.00 | FA |
| 2006 CHEVROLET HHR 86,131 MILES FAIR CONDITION | | | | | |
| 17. OFFICE EQUIPMENT, FURNISHINGS AND SUPPLIES USED IN | 300.00 | 0.00 | | 0.00 | FA |
| OFFICE EQUIPMENT, FURNISHINGS AND SUPPLIES USED IN BUSINESS | | | | | |
| 18. ONE PET DOG, THREE PET CATS | 100.00 | 0.00 | | 0.00 | FA |
| ONE PET DOG, THREE PET CATS | | | | | |
| 19. 2012 FEDERAL TAX REFUNDS- AUGUSTE (u) | 181.73 | 181.73 | | 181.73 | FA |
| 20. 2012 STATE TAX REFUND - AUGUSTE (u) | 374.00 | 374.00 | | 374.00 | FA |
| 21. 2012 FEDERAL TAX REFUND - DOLLIE (u) | 1,042.43 | 1,042.43 | | 1,042.43 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)  $202,271.16  $2,317.16  $1,598.16  $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

TFR submitted to UST's office for approval.

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| | | |
|---|---|---|
| Case No: | 13-01342    DPC    Judge: DANIEL P. COLLINS | Trustee Name:    DAVID M. REAVES |
| Case Name: | CHAUVIN, AUGUSTE A | Date Filed (f) or Converted (c):    01/30/13 (f) |
| | CHAUVIN, DOLLIE J | 341(a) Meeting Date:    03/04/13 |
| | | Claims Bar Date:    07/19/13 |

Initial Projected Date of Final Report (TFR): 08/01/13        Current Projected Date of Final Report (TFR): 08/12/13

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: | 13-01342 -DPC |
| Case Name: | CHAUVIN, AUGUSTE A |
| | CHAUVIN, DOLLIE J |
| Taxpayer ID No: | *******1395 |
| For Period Ending: | 08/12/13 |

| | |
|---|---|
| Trustee Name: | DAVID M. REAVES |
| Bank Name: | UNION BANK |
| Account Number / CD #: | 2132044047  Checking Account (Non-Interest Earn |
| Blanket Bond (per case limit): | $ 72,661,955.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 06/07/13 | 19 | INTERNAL REVENUE SERVICE OGDEN, UT 84201-0039 | 2012 FEDERAL TAX REFUND FOR AUGUSTE | 1224-000 | 181.73 | | 181.73 |
| 07/15/13 | 21 | INTERNAL REVENUE SERVICE OGDEN, UT 84201-0039 | 2012 FEDERAL TAX REFUND FOR DOLLIE | 1224-000 | 1,042.43 | | 1,224.16 |
| 07/17/13 | 20 | ARIZONA DEPT. OF REVENUE PO BOX 29070 PHOENIX, AZ 85038-9070 | 2012 state tax refund for Auguste | 1224-000 | 374.00 | | 1,598.16 |

|  | | |
|---|---|---|
| COLUMN TOTALS | 1,598.16 | 0.00 | 1,598.16 |
| Less:  Bank Transfers/CD's | 0.00 | 0.00 |
| Subtotal | 1,598.16 | 0.00 |
| Less:  Payments to Debtors | | 0.00 |
| Net | 1,598.16 | 0.00 |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking Account (Non-Interest Earn - 2132044047 | 1,598.16 | 0.00 | 1,598.16 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 1,598.16 | 0.00 | 1,598.16 |
| | ============= | ============= | ============= |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals          1,598.16          0.00

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 2:13-bk-01342-DPC
Case Name: CHAUVIN, AUGUSTE A
         CHAUVIN, DOLLIE J
Trustee Name: DAVID M. REAVES

Balance on hand                                           $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000017 | Green Tree Servicing, LLC | $ | $ | $ | $ |

Total to be paid to secured creditors                    $_____

Remaining Balance                                        $_____


Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DAVID M. REAVES | $ | $ | $ |
| Trustee Expenses: DAVID M. REAVES | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses   $_____

Remaining Balance                                        $_____


Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ _____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ _____ have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | American InfoSource LP as agent for | $ | $ | $ |
| 000002 | Discover Bank | $ | $ | $ |
| 000003 | Ford Motor Credit Company LLC | $ | $ | $ |
| 000004 | Internal Revenue Service | $ | $ | $ |
| 000005 | Quantum3 Group LLC as agent for | $ | $ | $ |
| 000006 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000007 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |
| 000008 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |
| 000009 | American InfoSource LP as agent for | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000010 | American InfoSource LP as agent for | $ | $ | $ |
| 000011 | Capital Recovery V, LLC | $ | $ | $ |
| 000012 | American Express Centurion Bank | $ | $ | $ |
| 000013 | Capital One, N.A. | $ | $ | $ |
| 000014 | eCAST Settlement Corporation, assignee | $ | $ | $ |
| 000015 | eCAST Settlement Corporation, assignee | $ | $ | $ |
| 000016 | eCAST Settlement Corporation, assignee | $ | $ | $ |
| 000018 | eCAST Settlement Corporation, assignee | $ | $ | $ |
| 000019 | Capital One, N.A. | $ | $ | $ |
| 000020 | Portfolio Recovery Associates, LLC | $ | $ | $ |
| 000021 | Abrazo Health Care | $ | $ | $ |
| 000022 | Portfolio Recovery Associates, LLC | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance        $_____


Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE